UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA, *ex rel.*
MICHAEL PILAT,
PHILIP MANISCALCO,

                     Plaintiffs,

     v.

AMEDISYS, INC.,
DOES 1-100,

                     Defendants.
_____

**DECISION**
**and**
**ORDER**

**17-CV-136-JLS(F)**

APPEARANCES:          MICHAEL DIGIACOMO
                          UNITED STATES ATTORNEY
                          Attorney for the Plaintiffs
                          DAVID M. CORIELL,
                          MARYELLEN KRESSE,
                          KATHLEEN A. LYNCH,
                          Assistant United States Attorneys, of Counsel
                          138 Delaware Avenue
                          Buffalo, New York  14202

                          SPIRO HARRISON & NELSON
                          Attorneys for Plaintiffs
                          DAVID B. HARRISON, of Counsel
                          363 Bloomfield Avenue, Suite 2C
                          Montclair, New Jersey  07042
                                and
                          MICHAEL J. SULLIVAN, of Counsel
                          200 Monmouth Street, Suite 310
                          Red Bank, New Jersey  07701

                          NIXON PEABODY LLP
                          Attorneys for Defendant
                          MARK A. MOLLOY, of  Counsel
                          40 Fountain Plaza, Suite 500
                          Buffalo, New York  14202
                                and
                          CLAUDIA R. AJLUNI,
                          BRIAN K. FRENCH,
                          BRIAN T. KELLY,

JACOB E. MORSE,
BRIANNA N. PORTU, of Counsel
Exchange Place
53 State Street
Boston, Massachusetts    02109

In this action brought under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, by papers filed August 8, 2025 (Dkt. 116), Plaintiffs move to compel Defendant's document production.  Specifically, Plaintiffs request Defendant produce all Defendant's records relating to the care and treatment of Defendant's homebound patients throughout the country including billing records related to any federal health care payment programs. *See, e.g.*, Plaintiffs' First Set of Document Requests served March 10, 2025 (Dkt. 116-4) (Request No. 12-Patient Medical Records) at 7.  Defendant objected to Plaintiffs' requests based on lack of relevancy, overburdensomeness and lack of proportionality. *See* (Dkt. 116-5) at 9.  Defendant agreed to meet and confer with Plaintiffs to produce a reasonable number of requested records for patients treated by therapists and nurses between 2015 and 2017 at Defendant's Amherst, New York office where Plaintiffs were employed.  *Id.*  Defendant also objects to Plaintiffs' relevant time of January 2015 to present, beyond Plaintiffs' employment period, as excessive.  *See* (Dkt. 116-5) at 3. Plaintiffs allege Defendant, a major national provider of medical services to homebound patients, fraudulently manipulated the medical records of Defendant's patients so as to increase billings for the services Defendant provided to its homebound patients and falsely represented whether such patients were, based on medical opinions, in fact, qualified as homebound.

At the outset, Defendant argues that because in ruling on Defendant's motion to dismiss the Third Amended Complaint, this court determined that Plaintiffs have alleged

fraudulent conduct only in New York, the law of the case doctrine now forecloses Plaintiffs' ability to pursue claims on a nationwide basis.  Defendant's Response at 8-9 (citing Decision and Order filed March 13, 2023 (Dkt. 72) ("D&O").  As Plaintiffs argue, not only did the D&O address only whether the allegations of the Third Amended Complaint were sufficient to support state law claims, but this court "made no findings as to the federal claims or the scope of discovery in this action."  Plaintiffs' Reply (Dkt.. 119) at 7-8.  Because the D&O did not reach the federal claims, the discovery sought by Plaintiffs in the instant motion is not precluded by the law of the case doctrine.

Discovery in False Claims Act cases proceeds under Fed.R.Civ.P. 26(b)(1).  *See United States ex rel. CKD Project, LLC v. Fresenius Medical Care AG & Co. KGAA,* 333 F.R.D. 25, 26 (E.D.N.Y. 2019) ("*Fresenius*") (in assessing plaintiff's requested nationwide scope of discovery in False Claims Act cases the "court is guided by Federal Rules of Civil Procedure 26(b)(1).")  To warrant nationwide discovery in a False Claims Act case, plaintiffs are required to allege other specific transactions beyond the incidents that occurred where the case was venued.  *Id.* at 27 (citing cases).  For example, in *United States ex rel. Conroy v. Select Medical Corp.*, 307 F.Supp.3d 896, 898 (S.D.Ind. 2018), the court found the complaint failed to make "specific allegations" as to fraud elsewhere similar to that alleged against defendant's hospital, and discovery against defendant's numerous other hospitals was denied.  In *Dalitz v. Amsurg Corp.*, 2015 WL 8717398, at *1 (E.D.Cal. Dec. 15, 2015), the court, in denying nationwide discovery based on defendant's national policy directive to increase revenues, found such policy did not "plausibly suggest" defendant encountered fraudulent misconduct by defendant's other surgical centers.  Thus, in *Fresenius*, the court held that it is "only

when relators can allege, *i.e.*, give specific details, about conduct in other states that nationwide discovery is permitted." *Fresenius*, 333 F.R.D. at 28.

Defendant argues that Plaintiffs' request is "fundament[ally] flaw[ed]" as "the FAC fails to allege specific facts of purported fraud outside . . . [Defendant's] Amherst location." Dkt. 118 at 13. Defendant's reading of the Fourth Amended Complaint (Dkt. 82) overlooks several allegations of fraud squarely pleaded in the Complaint. In particular, Plaintiffs allege that Defendant's "coding specialists in Illinois and Louisiana 'coaxed' Defendant's therapists to fabricate patient medical conditions of treatment severity and duration despite Defendant's therapists refusal to do so, in order to justify unnecessary charges to federals funders." *See* Fourth Amended Complaint ¶ 163. Plaintiffs further allege that when a therapist refused to comply with the coders requested alterations in the therapist's report, the coder "unilaterally manipulate[d] the treatment form to falsely enhance . . . [Defendant's] reimbursements." Fourth Amended Complaint ¶ 163. Such allegations sufficiently state specific incidents of fraudulent conduct in other states and thus provide a plausible basis to warrant nationwide discovery of Defendant's records. *See Fresenius*, 333 F.R.D. at 28; *Dalitz*, 2015 WL 8717398, at *1. In addition, the Fourth Amended Complaint alleges that in the summer of 2016, Jake Wilkens, then Defendant's Director of Operations, *see* Fourth Amended Complaint ¶ 136, along with two of Defendant's vice-presidents, instructed Defendant's therapy and nursing staff to code each case in a manner that would ostensibly justify additional weeks of treatment regardless of medical necessity. Fourth Amended Complaint ¶¶ 112, 113. Common sense suggests that unless the visit by Defendant's national senior officers was for the purpose of gaining Defendant's local employees'

compliance with a national policy of fraudulent billing practices there would be no reason for such officers to have engaged in such visits.  These allegations therefore plausibly support an inference that the alleged fraudulent conduct represents Defendant had a national policy to maintain such arguably fraudulent practices thus further warranting nationwide discovery.  *See United States ex rel. Everest Principals, LLC v. Abbott Laboratories*, 2024 WL 304082, at *4 (Jan. 26, 2024) ("*Everest Principals*") (finding plaintiff's allegations of defendant's national training of defendant's sales force to use prohibited sales techniques supports plaintiffs had adequately alleged a "nationwide scheme" in violation of FCA warranting nationwide discovery).

Here, the directions received by Defendant's therapists and nurses including Plaintiffs from Defendant's national senior executives during the visits to Defendant's Amherst office to engage in fraudulent patient medical assessments is functionally equivalent to the national training at issue in *Everest Principals*.  Moreover, Plaintiffs specifically allege Defendant's regional and national officers "regularly visited the Amherst office . . . to provide training on these revenue-generating [*i.e.*, fraudulent] strategies."  Fourth Amended Complaint (Dkt. 82) ¶ 17.  Thus, the court finds, contrary to Defendant's contention that Plaintiffs have not plausibly alleged particular instances of fraudulent conduct by Defendant beyond New York State, that the allegations are sufficient to justify discovery of Defendant's records beyond those pertinent to Plaintiffs' experience at Defendant's Amherst, New York office.

In addition, Plaintiffs submit three declarations (Dkts. 116-6, 116-7 and 116-8) from Defendant's former employees at Defendant's offices in Mississippi, Alabama and Georgia attesting that Defendant's fraudulent billing practices occurred at their

respective offices.  That these False Claims Act actions were, as Defendant asserts, *see* Defendant's Memorandum of Law (Dkt. 118) at 7 n. 1, dismissed is irrelevant to the apparent credibility of such declarations which Defendant does not contradict. Defendant asserts *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892-94 (2d Cir. 1976) and *RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 403 (S.D.N.Y. 2009) require the declaration to be disregarded.  Defendant's Memorandum of Law (Dkt. 118) at 7.  However, both cases involved material extraneous to the complaints.  As such, the cases are inapposite to Plaintiffs' motion to compel.  The court's research fails to reveal any decisions applicable to this issue thus leaving the issue to the court's discretion.  *See In re Mirena IUS Levonorgestrel-Related Products Liability Litigation (No. II),* 982 F.3d 113, 124-25 (2d Cir. 2020) (quoting *Twinam v. Dow Chem. Co. (In re Agent Orange Prod. Liab. Litig.*), 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery, . . . [and] abuses its discretion only when the discovery is so limited as to affect a party's substantial rights.").  Any concerns about a lack of proportionality should be addressed through sampling.  *See Ni v. HSBC Bank USA, N.A.*, 2024 WL 863699, at *2 (S.D.N.Y. Feb. 29, 2024) (ordering sampling to be used in discovery to address proportionality concerns); *Huggins v. Chestnut Holdings, Inc.*, 2019 WL 2616252, at *6 (S.D.N.Y. June 25, 2019) (accord).  The parties shall provide the court, jointly or individually, with a proposed sampling technique to obviate such concerns within 20 days.  Therefore, Defendant's objection directed to this issue should be overruled.

Turning to Plaintiffs' request for Defendant's records from 2015 to the present, thus exceeding Plaintiffs' period of employment, Defendant the court finds as with its

6

determination of the nationwide document dispute that Plaintiffs' request should also be granted.  "Limiting a relator's discovery rights to the duration of [the relator's] employment would weaken the [FCA] by placing limits on *qui tam* actions that do not exist for government-initiated actions."  *United States ex rel. Fiederer v. Healing Hearts home Care, Inc.*, 2014 WL 4666531, at *5 (D.Nev. Sept. 18, 2014) (quoting *Dalitz*, 2015 WL 8717398, at *3).  Moreover, court's "have held that the temporal scope of discovery may extend beyond the dates relator is able to allege specific instances of misconduct for when the complaint plausibly alleges that the misconduct at issue was part of the defendant's broader policy and practice before and/or after the allegations of specific misconduct."  *Everest Principals*, 2024 WL 304082, at *4 (citing *Dalitz*, 2015 WL 8717398, at *4) (defendant's failure to correct fraudulent practices warranted discovery for period beyond relator's employment).

Here, Plaintiffs' allegation describing the account coders insistence that therapists and others conform to the coders' expectations regardless of any lack of medical support, and the direction Plaintiffs, and other Defendant's employees at Defendant's Amherst office, received from Defendant's national executives to unnecessarily extend a patient's period of Defendant's services, absent proper medical opinion, supports an inference that such practices continued well after Plaintiffs' termination of employment with Defendant.  Any concerns with regard to proportionality pertinent to this issue can be obviated through sampling similar to the issue of the proposed scope of document requests discussed *supra*, at 6.  Thus, Plaintiffs' motion with respect to Defendant's objection to limit the temporal aspect of Plaintiffs' request should also be overruled.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion (Dkt. 116) is GRANTED.  Accordingly, Defendant shall show cause <u>within</u> <u>20</u> <u>days</u> why Plaintiffs' expenses incurred in connection with Plaintiffs' motion should not be awarded as required by Fed.R.Civ.P. 37(a)(5(A).  Plaintiffs' response shall be filed <u>within</u> <u>10</u> <u>days</u> thereafter; Defendant's reply, if any, shall be filed <u>within</u> <u>5</u> <u>days</u>.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  October 21, 2025
            Buffalo, New York