UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA, *ex rel.*
MICHAEL PILAT,
PHILIP MANISCALCO,

|  |  |  |
|---|---|---|
|  | Plaintiffs, | **DECISION** |
|  |  | **and** |
| v. |  | **ORDER** |
|  |  |  |
| AMEDISYS, INC., |  | **17-CV-136-JLS(F)** |
| DOES 1-100, |  |  |
|  | Defendants. |  |

_____

APPEARANCES:   MICHAEL DIGIACOMO
          UNITED STATES ATTORNEY
          Attorney for the Plaintiffs
          DAVID M. CORIELL,
          MARYELLEN KRESSE,
          KATHLEEN A. LYNCH,
          Assistant United States Attorneys, of Counsel
          138 Delaware Avenue
          Buffalo, New York  14202

          SPIRO HARRISON & NELSON
          Attorneys for Plaintiffs
          DAVID B. HARRISON, of Counsel
          363 Bloomfield Avenue, Suite 2C
          Montclair, New Jersey  07042
            and
          MICHAEL J. SULLIVAN, of Counsel
          200 Monmouth Street, Suite 310
          Red Bank, New Jersey  07701

          NIXON PEABODY LLP
          Attorneys for Defendant
          MARK A. MOLLOY, of  Counsel
          40 Fountain Plaza, Suite 500
          Buffalo, New York  14202
            and
          CLAUDIA R. AJLUNI,
          BRIAN K. FRENCH,
          BRIAN T. KELLY,

JACOB E. MORSE,
BRIANNA N. PORTU, of Counsel
Exchange Place
53 State Street
Boston, Massachusetts    02109

Plaintiffs as Relators in this *qui tam* action pursuant to the False Claims Act ("Plaintiffs") moved to compel document production from Defendant on August 8, 2025 (Dkt. 116) which Defendant opposed (Dkt. 118).  Specifically, Plaintiff requested Defendant, a major national provider of medical services to homebound patients, produce, for the period 2015 to present, all Defendant's records relating to the care and treatment of Defendant's homebound patients throughout the country including billing records for such patients related to any federal healthcare payment program such as Medicare and Medicaid.  In their Fourth Amended Complaint (Dkt. 82), Plaintiffs, who were employed by Defendant at Defendant's Amherst, New York office for a two-year period 2015-2016, alleged that Defendant fraudulently manipulated the medical records of Defendant's homebound patients to increase billings and thus payment from the United States for inflated services Defendant provided without medical necessity to its patients including false representations regarding whether such patients qualified, in fact, as homebound.  (Dkt. 82) ¶¶ 104-08; 112-13; 118-19; 163.  Defendant opposed Plaintiffs' discovery requests asserting lack of relevancy, overburdensomeness, and a lack of proportionality.  (Dkt. 118).  In a Decision and Order filed October 21, 2025 (Dkt. 120) ("the October 21, 2015 D&O"), the undersigned granted Plaintiffs' motion subject to sampling and directed Defendant to show cause why Plaintiffs' expenses in connection with Plaintiffs' motion should not be granted as required by Fed.R.Civ.P. 37(a)(5)(A) ("the OTSC").  Defendant appealed the October 21, 2025 D&O pursuant to Fed.R.Civ.P. 72(a)

("Rule 72(a)") and by Decision and Order filed December 30, 2025, District Judge Sinatra affirmed the October 21, 2015 D&O in its entirety (Dkt. 128).

By papers filed January 30, 2026, Defendant responded to the OTSC (Dkt. 131) ("Defendant's Response").  On February 13, 2026, Plaintiffs filed Relator's Response to Defendant's Response (Dkt. 132) ("Plaintiffs' Response"); on February 20, 2026, Defendant filed Defendant's Reply in Support of Its Response to Court's Order to Show Cause (Dkt. 133) ("Defendant's Reply").

In Defendant's Response, Defendant contends that in objecting to Plaintiffs' discovery requests it was substantially justified as its refusal to comply was based on an "unsettled question of law," (Dkt. 131) at 7, to wit: whether in a *qui tam* action Plaintiffs are limited in the scope of document production to that pertaining to the local office where they were employed by Defendant and thus were not entitled to nationwide discovery and were also limited to the time frame of their employment rather than for a 10-year period as Plaintiffs have requested.  *Id.*  According to Defendant, because Defendant's objections were based on several federal court decisions in *qui tam* actions denying plaintiffs' requests for nationwide and broader time frames for discovery, Defendant had a "good faith basis" for refusing Plaintiffs' discovery as requested.  *See* Defendant's Response (Dkt. 131) at 6; 6 n. 1 (citing cases).  Defendant further asserts that the Second Circuit has not yet ruled on the issues presented to this court, *id.* at 5-6, 7, and that in Judge Sinatra's prior decision granting Defendant's motion to dismiss Plaintiffs' state law claims in the Third Amended Complaint on the ground that Plaintiffs had failed to allege any fraud occurring beyond New York State, Judge Sinatra limited any discovery to New York State.  (Dkt. 72) at 18.  Based on these factors, Defendant argues

Defendant's objections to Plaintiffs' discovery requests were substantially justified and therefore Plaintiffs' expenses cannot be awarded pursuant to Rule 37(a)(5)(A).  *See* Defendant's Response (Dkt. 131) at 6-7.

Defendant further contends that given the parties' cooperative efforts to pursue other discovery matters and the then pendency of a joint letter the parties had sent to the court on May 16, 2025 (Dkt. 114) requesting direction on the two main discovery issues, it would be unjust to award Plaintiffs' expenses.  (Dkt. 131) at 9-10.  In support of Plaintiffs' request for an award pursuant to Rule 37(a)(5)(A), Plaintiffs contend that Plaintiffs' allegations of fraudulent conduct by Defendant's coding specialists located in states other than New York, and instructions, by Defendant's national senior executives, to Defendant's clinicians, to engage in the fraudulent practices, as Plaintiffs allege, exceed those found deficient by other courts, relied on by Defendant, sufficiently warrant nationwide discovery.  Plaintiffs' Response (Dkt. 132) at 9-13 (citing cases).  Similarly, Plaintiffs contend that Defendant's objections to Plaintiffs' discovery requests for the period following Plaintiffs' terminations in 2017, is also without a reasonable basis as such discovery is available where Plaintiffs' allegations show Defendant's fraudulent practices continued after Plaintiffs' terminations and that limiting such discovery to a *qui tam* plaintiff's period of employment is unsupported by the False Claims Act itself.  *Id.* at 14-15 (citing caselaw).  In Defendant's Reply, Defendant reiterates its primary arguments against an expense award pursuant to Rule 37(a)(5)(A) while adding that by changing their Fourth Amended Complaint allegations from the present to past tense, Plaintiffs concede that the period of Plaintiffs' claims is limited to the date, April 17, 2024, of the Fourth Amended Complaint.  *See* Defendant's Reply (Dkt. 133) at 3 (citing caselaw).

4

In considering an award of prevailing party's expenses pursuant to Rule 37(A)(5)(A) courts are required to determine whether the prevailing party has attempted in good faith to avoid judicial intervention as required by Rule 37(a)(1), the opposing party's objections to discovery were substantially justified, and whether the circumstances make any award unjust.  *See* Fed.R.Civ.P. 37(a)(5)(A)(i), (ii) and (iii); *Xerox Corporation v. Conduit Global, Inc.*, 2025 WL 586244, at \*2 (W.D.N.Y. Feb. 24, 2025).  Here, although Defendant argues that Plaintiffs, by failing to consult the court with respect to the status of the parties' joint May 16, 2025 letter requesting judicial guidance on the disputed scope of discovery failed to comply with Rule 37(a)(1), (Dkt. 131) at 9 n. 2, this argument is without foundation as the record demonstrates Plaintiffs held a meet and confer with Defendant concerning the subject matter at issue.  *See* Declaration of David B. Harrison (Dkt. 116-1) ¶ 7; *see also* Brian K. French Declaration (Dkt. 118-1) ¶ 3 (acknowledging the parties' good faith but unsuccessful attempt to resolve both the "temporal" and "geographic" discovery issues).  While the court failed to respond to the May 16, 2025 letter, such failure does not excuse Defendant's refusal to comply with Plaintiffs' discovery requests and Defendant does not cite to any authority in support of Defendant's supposition.  Thus, the court finds Plaintiffs complied with Rule 37(a)(1). Second, whether a party is substantially justified in resisting discovery is determined by whether such refusal is objectively reasonable and does not require good faith.  *Xerox Corporation*, 2025 WL 586244, at \*2 (internal quotation marks and citations omitted). "'Substantial justification exists 'where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the [resisting] party was required to comply with the . . . [discovery] request, or if there exists a genuine dispute

concerning compliance.'" *Id.* (quoting *Hong v. JT Home Management LLC*, 2023 WL 6609303, at *1 (E.D.N.Y. Sept. 20, 2023)).  An award under Rule 37(a)(5)(A) "'must be weighed in light of the full record.'"  *Xerox Corporation*, 2025 WL 586244, at *2 (quoting *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *3 (S.D.N.Y. Feb. 27, 2015)); *see also Underdog Trucking, L.L.C. v. Verizon Services Corporation*, 273 F.R.D. 372, 377 (quoting *Bowne of New York City, Inc. v. AmBase Corp.,* 161 F.R.D. 258, 262 (S.D.N.Y.1995) (citing *Pierce v. Underwood,* 487 U.S. 552, 565, (1988))).  An award is unjust if the circumstances establish a party's failure to provide discovery is based on factors beyond the party's reasonable control.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (circumstances rendering a Rule 37(a)(5)(A) award unjust include disability preventing compliance with a request for judicial relief, and a physical inability to appear for a deposition such as restrictions related to a person's incarceration or serious illness (citing *Restis v. American Coalition Against Nuclear Iran, Inc.*, 2014 WL 1870368 at *4 (S.D.N.Y. Apr. 25, 2014))).

Here, the question of whether Defendant's objection to provide Plaintiffs with discovery for Defendant's 300 national offices[1] and for the period beyond Plaintiffs' 2017 termination turns not on an unsettled issue of law, as Defendant contends, but on the specific facts alleged by Plaintiffs demonstrating that Defendant's fraudulent practices were not limited to Plaintiffs' place of employment in New York State but had their genesis elsewhere throughout the country.  A careful reading of the caselaw relied on by Defendant (Dkt. 131) at 6; 6 n. 1, confirms this conclusion.  For example, in *United States ex rel. CKD Project, LLC v. Fresenius Medical Care AG & Go. KGAA,* 333 F.R.D. 25, 25

---

[1]  To accommodate Defendant's proportionality objection to Plaintiffs' requests, the October 21, 2025 D&O directed Plaintiffs' request be limited to a sample.  *See* (Dkt. 120) at 6.

(E.D.N.Y. 2019), the court declined to require defendant provide nationwide discovery because the plaintiff failed to "give specific details [ ] about fraudulent conduct in other states." *Id.* at 28.  Likewise, in *United States ex rel. Conroy v. Select Medical Corporation*, 307 F.Supp.3d 896, 903-04 (S.D.Ind. 2018), the court denied nationwide discovery at all of defendant's facilities because plaintiff's allegations did not specifically implicate any of defendant's employees beyond a single facility.  Similarly, in *United States ex rel. v. Alan Ritchey, Inc.*, 2006 WL 3761339, at *6 (W.D. Wash. Dec. 20, 2006), the court dismissed relator's fraud claims against facilities other than the single facility identified in the complaint.  The same is true of Defendant's reliance on *United States ex rel. Regan v. Medtronic, Inc.*, 2000 WL 1478476, at *3 (D.Kan. July 13, 2000), where the court rejected nationwide discovery because the "focus of the complaint unequivocally address[ed] only events in the Wichita sales district."  Further, in *U.S. ex rel. Duxbury v. Ortho Biotech Prods. L.P.,* 719 F.3d 31, 36-37, 39 (1st Cir. 2013), the court of appeals affirmed the district court's limitation on relator's discovery to the specific facility where relator was employed based on relator's stipulation that such discovery failed to reveal any evidence of fraud sufficient to support relator's "remaining claims."  Given this unusual factor, *Duxbury* is wholly inapplicable to the instant case.  Each case relied upon by  Defendant to establish that Defendant's refusal to comply with Plaintiffs' discovery requests was substantially justified is therefore readily distinguishable from the facts alleged in the Fourth Amended Complaint which plausibly support that, unlike the plaintiffs in the aforesaid cases, Plaintiffs have alleged several specific grounds supporting Plaintiffs' nationwide discovery requests including repeated instances by Defendant's coding specialists located outside of New York State interfering with

7

Defendant's therapists' opinions on the lack of medical necessity regarding Defendant's patients' need for additional medical treatments and the actions of Defendant's senior managers directing Defendant's clinicians to enlarge the range of Defendant's patient services regardless of medical necessity.  Thus, a fair reading of Defendant's cases supports the conclusion that Defendant's assertion that Defendant's refusal to comply with Plaintiffs' discovery requests was based on "unsettled law" is wholly incorrect.  As the foregoing discussion demonstrates, the "law" on which Defendant relied in refusing Plaintiffs' discovery is and was, at the time of Plaintiffs' request, not unsettled; rather, the relevant caselaw is consistent in that the availability of nationwide discovery in similar cases turns on whether the *qui tam* plaintiff has plausibly alleged sufficiently specific examples of potential fraud beyond the plaintiff's place of employment which, as the October 21, 2025 Decision and Order found, the instant Plaintiffs have successfully accomplished in the Fourth Amended Complaint.[2]  Nor is there any merit to Defendant's assertion that Defendant's refusal to provide discovery was substantially justified because the Second Circuit has not addressed this specific issue.  (Dkt. 131) at 5-6, 7; (Dkt. 133) at 3.  Significantly, Defendant fails to cite any authority in support of this novel proposition and the court's research fails to reveal any.  *See, c.f., United States v. Valerio*, 765 Fed.Appx. 562, 570 (2d Cir. 2019) (holding that although the Second Circuit had not addressed a matter of whether a multi-court indictment in a child pornography case raised Double Jeopardy concerns, because the other circuit courts that had addressed the issue agreed it did not, the trial court did not err in allowing the criminal

---

[2]  Notably, District Judge Sinatra, in denying Defendant's motion to dismiss the Fourth Amended Complaint, confirmed Plaintiffs' allegations of fraudulent practices sufficiently stated "in detail" a claim under the False Claims Act.  *United States ex rel. Pilat v. Amedisys, Inc.*, 2025 WL 436929, at **7-8 (W.D.N.Y. Feb. 7, 2025).

defendant's conviction on the multi-count indictment to stand); *Malik v. McGinnis*, 293 F.3d 559, 561-62 (2d Cir. 2002) (the fact that a particular issue of New York law had not been addressed by the New York Court of Appeals did not mean the issue was unsettled as other courts that resolved the matter were in accord).  Thus, Defendant's assertion that its refusal to provide discovery on a nationwide basis, as Plaintiffs requested, was substantially justified because it is based on unsettled law, "blinks reality."  *See Oregon v. Elstad,* 470 U.S. 298, 357 (1985) (Brennan, J., dissenting).

As to Defendant's assertion, (Dkt. 131) at 6; (Dkt. 133) at 3, that Defendant's refusal to provide discovery for the period after Plaintiffs' employment, 2015-17, was substantially justified, the cases on which Defendant's argument is based are also inapposite.  For example, in *Uchytil ex rel. United States v. Avande, Inc.*, 2018 WL 4150889, at *1 (W.D.Wash. Feb. 27, 2018) ("*Uchytil*") the court found plaintiff's allegations suggesting defendant's fraud to be too "vague" to support discovery beyond 2010-2012.  Similarly, in *United States ex rel. Spay v. CVS Caremark Corp.*, 2013 WL 4525226, at *2 (E.D.Pa. Aug. 27, 2013) ("*Spay*") the court declined to extend discovery beyond 2008 given that plaintiff's request was based on plaintiff's allegation on information and belief that defendant's false claims for reimbursement continued to be filed thereafter.  However, in *Dalitz v. Amsurg Corp.*, 2015 WL 8717398, at *4 (C.D.Cal. Dec. 15, 2015) the court, contrary to Defendant's reliance, upheld the plaintiff's request for an extended time frame for discovery to the period 2008-2012 beyond defendant's demand threfusalat such discovery be limited to 2010-2011.  *See Dalitz*, 2015 WL 8717398, at **3-4.  Here, the October 21, 2025 D&O found that the sum and substance of Plaintiffs' plausible allegations of Defendant's fraudulent billing practices including the

directions Plaintiffs received from Defendant's senior executives supported "an inference that such practices continued well after Plaintiffs' termination of employment with Defendant." (Dkt. 120) at 7. Thus, the instant case is distinguishable from *Uchytil* and *Spay*. Moreover, Defendant's contention, *see* (Dkt. 133) at 3, that Plaintiffs' Fourth Amended Complaint changes the present to the past tense was raised only in Defendant's Reply and thus will not be considered. *See Capaccio v. Zafuto*, 2025 WL 723207, at *3 n. 14 (W.D.N.Y. Mar. 6, 2025) ("The court has discretion to consider arguments presented in a party's reply." (citing *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("[T]he Second Circuit has made it abundantly clear that a district court has discretion to consider a belatedly-raised argument [in reply]," *aff'd*, 374 Fed.Appx. 71 (2d Cir. 2010))).

Finally, Defendant contends that an award under Rule 37(a)(5)(A)(iii) would, based on the circumstances, be unjust is also without merit. *See* (Dkt. 131) at 8-9 (citing *Mandala v. NTT Data, Inc.*, 2026 WL 111325, at **2-4 (W.D.N.Y. Jan. 15, 2026) ("*Mandala*"); *Juice Creative Group, LLC v. UncommonGood, Inc.*, 2023 WL 8368232, at *2, 3 (D.Conn. Dec. 3, 2023) ("*Juice Creative*"); *Huseby, LLC v. Bailey*, 2021 WL 3206776, at *16 (D.Conn. July 29, 2021) ("*Huseby*"). Specifically, Defendant asserts that Defendant's continuous good faith efforts to provide discovery, and Plaintiffs' refusal to seek the status of the parties' May 15, 2025 joint letter to the court, (Dkt. 131) at 1, 9, 10, supports Defendant's request that the court find the record demonstrates that any award pursuant to Rule 37(a)(5)(A) would be unjust. Plaintiffs strongly object to Defendant's characterization of the record in this regard particularly with respect to Defendant's attempt to suggest that Plaintiffs had agreed in the joint letter with Defendant's assertion

that the discovery issues demonstrated a "legitimate debate" about the two discovery issues.  *See* Plaintiffs' Response (Dkt. 132) at 15 (referencing Dkt. 131 at 8-9).  First, a perusal of the joint letter supports that such characterization is Defendant's which only appears in Defendant's Response not in the letter as Defendant represents. *See* (Dkt. 114) (*passim*).  Second, Defendant's reliance on Plaintiffs' refusal to join Defendant's in seeking from the court the status of the joint letter carries no weight as Plaintiffs' refusal did not preclude Defendant from seeking such status itself, which if Defendant had done so Defendant would have been informed that the undersigned does not favor letter requests for discovery guidance and generally requires motion practice directed to discovery disputes pursuant to Rule 37(a)(1).  Third, none of Defendant's cases support such a finding.  In particular, in *Mandala*, the court predicated its conclusion to deny defendant's expenses on the fact that plaintiff's motion was substantially justified and not that, as Defendant asserts, it would have been unjust to do so.  *See Mandala*, 2026 WL 111325, at \*4.  By the same token, in *Juice Creative*, the court, in denying plaintiff's expenses, cited *Family Wireless #1, LLC v. Automotive Technologies, Inc.*, 2016 WL 3911870, at \*7 (D.Conn. July 15, 2016) ("*Family Wireless*") (holding that the unwillingness of counsel to compromise a discovery dispute rendered any award of expenses unjust).  *See Juice Creative Group, LLC*, 2023 WL 8368232, at \*3.  However, in *Juice Creative,* the court notwithstanding its citation to the *Family Wireless* case, nevertheless found defendant's arguments substantially justified.  Thus, *Juice Creative* provides no support for Defendant's contention.  Finally, in *Huseby*, again contrary to Defendant's reliance, the court declined to award expenses, not because to have done so would have been unjust but because the results of the requesting party's motion was

11

"mixed." *See Huseby, LLC*, 2021 WL 3206776, at *16.  Here, the record is clear that Plaintiff prevailed as to both discovery issues presented on Plaintiffs' motion.  Thus, there is no validity to Defendant's assertion, that based on the record as a whole in this case any award of Plaintiffs' expenses would be unjust in these circumstances.

As to Plaintiffs' request (Dkt. 132 at 14), for expenses in connection with Plaintiffs' successful opposition to Defendant's contentions in support of Defendant's Rule 72(a) appeal of the October 21, 2025 D&O ("Plaintiffs' Rule 72(a) request"), see Decision and Order of Hon. John L. Sinatra, Jr. (Dkt. 128), courts generally award such expenses.  *See Homeland Ins. Co. of Delaware v. Independent Health Ass'n, Inc.*, 2025 WL 1593298, at * 12 n. 13 (W.D.N.Y. June 5, 2025) (permitting plaintiff to recover fees and costs incurred in opposing defendant's Rule 72(a) objections to decision granting the plaintiff's motion to compel, and citing *Rahman v. The Smith & Wollensky Rest. Grp.*, 2009 WL 72441, at *9 (S.D.N.Y. Jan. 7, 2009) (holding defendants were entitled to recover fees and costs in opposing plaintiff's Rule 72(a) objections to court's decision denying the plaintiff's motion to compel, as well as those incurred by defendants in preparing fee application));  *Ramgoolie v. Ramgoolie*, 2019 WL 5722033, at * 2 n. 2 (S.D.N.Y. Apr. 5, 2019) (awarding plaintiff fees incurred in connection with successful motion to compel as well as opposing the defendant's Rule 72(a) objections, and citing *Rahman*, 2009 WL 72441, at *9, for the proposition that the defendant was entitled to recover fees and costs in opposing plaintiff's Rule 72(a) objections to decision denying the plaintiff's motion to compel);  *DeLuca v. Bank of Tokyo-Mitsubishi UFJ*, 2007 WL 4563921, at * 4 (S.D.N.Y. 2007) (awarding defendant fees incurred in connection with, *inter alia*, opposing the plaintiff's Rule 72(a) objections to the decision granting the

defendant's motion for a protective order).   Defendant does not address Plaintiffs' Rule 72(a) request.   *See* Defendant's Reply (Dkt. 133) (*passim*).   Accordingly, Plaintiffs are also awarded Plaintiffs' reasonable expenses incurred in successfully opposing Defendant's Rule 72(a) appeal of the October 21, 2025 D&O.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion requesting an award of Plaintiffs' reasonable expenses, including Plaintiffs' attorneys fees incurred in connection with Plaintiffs' motion to compel (Dkt. 116) required by Rule 37(a)(5)(A), and expenses in successfully opposing Defendant's appeal (Dkt. 124) of the October 21, 2025 D&O pursuant to Rule 72(a), Plaintiffs' Rule 72(a) request, is GRANTED.

Plaintiffs shall file Plaintiffs' application for such expenses, together with contemporaneous time and billing records, in support of such award within 20 days of this Decision and Order; Defendant's response shall be filed within 10 days thereafter; Plaintiffs' reply, if any, shall be filed within 5 days; oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 1, 2026
        Buffalo, New York